# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants.

Civil Action No. 1:26-cv-11549-IT

STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, et al.,

Defendants.

Civil Action No. 1:26-cv-13917-IT

BEFORE THE HONORABLE INDIRA TALWANI, DISTRICT JUDGE

MOTION HEARING

Thursday, September 3, 2026
8:56 a.m.

John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts

Robert W. Paschal, RMR, CRR
Official Court Reporter
rwp.reporter@gmail.com

# A P P E A R A N C E S

On behalf of the League of Women Voters Plaintiffs:

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
BY: DAVIN McKAY ROSBOROUGH
WILLIAM MILES HUGHES
125 Broad Street
18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
whughes@aclu.org

ACLU OF MASSACHUSETTS
BY: JESSIE J. ROSSMAN
One Center Plaza
Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org

NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
BY: LEAH CAMILLE ADEN
40 Rector Street
5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org

On behalf of the Plaintiff States:

CALIFORNIA ATTORNEY GENERAL'S OFFICE
BY: ANNE P. BELLOWS
MALCOLM ANDREAS BRUDIGAM
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
(916) 210-6276
anne.bellows@doj.ca.gov
malcolm.brudigam@doj.ca.gov

MASSACHUSETTS ATTORNEY GENERAL'S OFFICE
BY: VANESSA AZNIV ARSLANIAN
One Ashburton Place
Boston, MA 02108
(617) 727-2200
vanessa.arslanian@mass.gov

NEVADA ATTORNEY GENERAL'S OFFICE
BY: KIEL IRELAND
One State of Nevada Way
Suite 100
Las Vegas, NV 89119
(702) 486-3420
kireland@ag.nv.gov

WASHINGTON ATTORNEY GENERAL'S OFFICE
BY: CRISTINA SEPE
1125 Washington Street SE
Olympia, WA 98501
(360) 753-6200
cristina.sepe@atg.wa.gov

On behalf of Federal Defendants:

UNITED STATES DEPARTMENT OF JUSTICE
BY: MICHAEL VELCHIK
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 860-8388
michael.velchik@usdoj.gov

On behalf of the Intervenor States:

MISSOURI ATTORNEY GENERAL'S OFFICE
BY: LOUIS JOSEPH CAPOZZI, III
BENJAMIN GILBERG
815 Olive Street
Suite 200
St. Louis, MO 63101
(314) 340-6816
louis.capozzi@ago.mo.gov
benjamin.gilberg@ago.mo.gov

MR. VELCHIK: Thank you.

Just in terms of timing, the United States respectfully requests that this Court rule on the pending motion for a preliminary injunction today at the hearing or immediately thereafter; otherwise, I'm authorized to represent to the Court that the United States will seek immediate emergency relief from the Supreme Court.

We believe it would be in the best interest of all parties to have a ruling on the motion for a preliminary injunction now to best facilitate timely appellate review on a clean vehicle.

THE COURT: I'm curious; what of what I do gets you straight to the Supreme Court?

MR. VELCHIK: This Court entered a temporary restraining order, which the government has appealed. We have also sought a stay from this Court, which this Court has denied, and we have also sought a stay from the First Circuit. But we would seek a stay from the Supreme Court on the temporary restraining order.

THE COURT: Okay.

MR. VELCHIK: We understand, if this Court were to enter a preliminary injunction, that may moot out the temporary restraining order, and that would provide a separate cleaner vehicle to appeal these issues through the appellate courts.

THE COURT: I do think that a temporary restraining order, as I have stated in an earlier ruling, is just a temporary measure, and it certainly will be dissolved one way or another once I issue a decision. So I don't think that you can go to the Supreme Court on the TRO unless you do so before I issue a decision. So I guess you can decide whether you think they will rule on that before I issue a decision.

But I think that your path here -- I issue a decision on the pending motion for a preliminary injunction. If either side doesn't like it, they can file a notice of appeal. If I'm entering an injunction, you could also request a stay. And, frankly, since we're here, if you are preemptively asking for a stay, I will assume that that would be the case in the event that I'm granting the preliminary injunction, although you should confirm that.

But then you would have to go to the First Circuit before you go to the Supreme Court, no?

MR. VELCHIK: So that is correct. We are aware of this Court's analysis indicating the Court's legal interpretation that a TRO might not be appealable. The Department of Justice takes a different view. We have cited different authorities to the First Circuit, and we plan on citing authorities to the Supreme Court for them to decide.

We agree that if this Court were to issue a preliminary injunction, we would again start the process

again. I would renew the request for a stay here at this hearing. We could seek an appeal to the First Circuit. If this Court denied the stay, we would do that, and then again we would get to the Supreme Court.

But issuing a preliminary injunction would restart that process, and so the request for a ruling soon is to start that process.

THE COURT: So I will confirm to you that I am moving as expeditiously as possible. I will not rule from the bench. I never rule from the bench if I can help it because I think calmer minds are best off to just sort of review and double-check what I'm doing. But I am committing to getting something out as quickly as I can. And, you know, these are issues with a lot of paper that I do need to make sure I've properly addressed.

But I am moving as quickly as I can, and I think the schedule I've given you here should give you no doubt about that.

MR. VELCHIK: Defendants appreciate that commitment. Defendants also want to be transparent with the Court about the process of appellate review, so that's why we flagged that.

THE COURT: That's fine. And I will take it -- just in case we all forget by the end of today's argument, I will take it that, in the event I enter an injunction, you